**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

In Re:                                                           CASE NO.:   21-20416-MAM
                                                                 Chapter 7
**CLIFFORD RYAN MORRIS,**

    **Debtor.**

_____/

**MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY BETWEEN TRUSTEE AND TURICUM, LLC, AND TO APPROVE REIMBURSEMENT TO TRUSTEE FOR LEASE CURE AMOUNTS**

    Deborah C. Menotte, Trustee in Bankruptcy for Clifford Ryan Morris, hereby files this Motion to Approve Stipulation to Compromise Controversy with Turicum, LLC ("Turicum", and together with the Trustee, the "Parties"), and to Approve Reimbursement to Trustee for Lease Cure Amounts, and states:

    1.    This case was commenced by the filing of a voluntary Chapter 7 bankruptcy petition by the Debtor on October 29, 2021 ("Petition Date").

    2.    Deborah C. Menotte has been appointed as the Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate").

    3.    The section 341 Meeting of Creditors was conducted and concluded on December 20, 2021.

    4.    The Debtor's Schedule A/B no. 19 lists the Debtor's 100% ownership of Mirzam Land Investment, LLC and Mirzam Venture Capital, LLC.

47323725

5. The Trustee has discovered that Mirzam Land Investment, LLC conveyed the premises located at 97th Street, Fellsmere, Florida 32948 and 99th Street, Fellsmere, Florida 32948 (collectively the "Premises") to Turicum on or about May 6, 2020.

6. Mirzam Land Investment, LLC as the tenant (the "Tenant"), entered into a lease of the Premises (the "Lease") with Turicum, as the landlord, pursuant to which the tenant has an option to purchase the Premises (the "Purchase Option").

7. On February 17, 2022, the Trustee filed her *Trustee's Motion to Substantively Consolidated Mirzam Venture Capital, LLC and Mirzam Land Investment, LLC into this Estate* (the "Sub Con Motion") [ECF No. 51].

8. On March 15, 2022, the Court entered its Order Granting *Trustee's Motion to Substantively Consolidate Mirzam Venture Capital, LLC and Mirzam Land Investment, LLC into this Estate [ECF No. 51]* (the "Sub Con Order") [ECF No. 64].

9. As a result, the Tenant is now a debtor in this Estate, and its property, including the interest in the Lease and all rights and benefits under the Lease, including, without limitation, the Purchase Option, are property of this Estate.

10. On or about April 28, 2022, the Trustee provided written notice to Turicum that she is exercising the Purchase Option and wished to extend the Lease in order to effectuate a closing on the purchase of the Premises.

11. On or about April 29, 2022, the Trustee delivered payments to Turicum in the amounts of $8,000.00 and $80.34, respectively, comprised of April rent ($1,625.00) plus interest ($24.38) and a late fee ($81.25), May rent ($1,875.00), 2021 property taxes ($1,449.49 for 97th Street and $1,643.63 for 99th Street) plus a 3% late penalty ($80.34), and estimated 2022 property taxes for January 2022 through May 2022 ($1,288.80)(collectively the "Cure Amounts").

12. Turicum has asserted that it has grounds to prevent the Trustee from exercising the Purchase Option and that it will appeal certain rulings made by the Bankruptcy Court at a hearing on April 27, 2022 and in the Court's *Order Granting In Part and Denying In Part Trustee's Expedited Motion for Order Authorizing Assumption and Assignment of Lease Agreement and Waiving the Fourteen (14) Day Stay of Effectiveness Pursuant to Bankruptcy Rule 6006(d)* [ECF No. 87] memorializing that ruling.

13. The Trustee believes that grounds exist to compel Turicum to sell the Premises to the Trustee under the Purchase Option, and in addition, that grounds exist for her to bring an action against Turicum to avoid and recover the transfer of the Premises to it pursuant to 11 U.S.C. §§ 544, 548 and 550, and Florida Statute Section 726.101, *et seq.*, among other relief (the "Claims").

14. The Parties seek to resolve the Claims and any and all claims between and among them pursuant to the Stipulation attached hereto as Exhibit "A", which provides for Turicum to pay to the Trustee one hundred thousand dollars and no/100 ($100,000.00) (the "Settlement Amount") within three (3) days of the entry of a final non-appealable order by the Bankruptcy Court approving this Agreement, as well as certain mutual releases and other provisions.

15. This Motion provides only a summary of the terms of the settlement, and thus the Trustee encourages all creditors not to rely upon this Motion and to read the Stipulation in full for more details pertaining to the settlement.

16. This Stipulation and Motion are being noticed to all creditors pursuant to Federal Rule of Bankruptcy Procedure 9019.

17. The legal principles to be applied in evaluating a proposed settlement have been enunciated upon within the Southern District of Florida in <u>In re Arrow Air, Inc.</u>, 85 B.R. 886

47323725

(Bankr. S.D.Fla. 1988). The appropriate test is "whether the compromise falls below the lowest point in the range of reasonableness". *Id*. at 891, citing, *In re Teltronics Services, Inc*., 762 F.2d 185, 189 (2nd Cir. 1985); *In re W.T. Grant Company*, 699 F.2d 599, 608 (2nd Cir. 1983). The Trustee believes that this settlement agreement more than complies with the legal principles relied upon within these authorities.

18. The Eleventh Circuit provides that when a bankruptcy court decides whether to approve or disapprove a settlement, it must consider:

    i. the probability of success in the litigation;

    ii. the difficulties, if any, to be encountered in the matter of collection;

    iii. the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

    iv. the paramount interest of the creditors and a proper deference to their reasonable view in the premises.

*In re Justice Oaks II, Ltd,* 898 F.2d 1544 (11th Cir. 1990).

19. With regard to these factors, the following is a detailed analysis:

(a) Specifically, when weighing the settlement agreement with the probability of success in the litigation, payment of the Settlement Amount under the Stipulation will avoid the difficulty and expense and time delays incumbent in litigation of an Adversary Proceeding and the Trustee's other Claims, as well as litigation by Turicum to attempt to prevent the Trustee from exercising the Purchase Option and a potential appeal. While the Trustee believes that her claims are meritorious, the Trustee recognizes that such litigation involves complicated factual determinations (typically made on a case-by-case basis) and the potential for extended litigation involving costly and time-consuming discovery related to factual issues, and an uncertain result.

(b) With regard to the difficulties, if any, to be encountered in the matter of collection, the Trustee has evaluated the risks of collection and believes she would not have difficulty collecting on a judgment that may be obtained by the Estate, whether such judgment is for a monetary amount or a judgment of specific performance, or both.

(c) With regard to the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it, given the issues that have been raised by Turicum, the Trustee submits that the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attendant to such litigation, including potentially litigating an adversary proceeding and a possible appeal, as well as the Claims to force Turicum to comply with the Purchase Option, to achieve substantially similar results negotiated under the Stipulation, is cost prohibitive to the Estate. Indeed avoiding the delays and uncertainty inherent in this litigation will provide much more of a benefit to this Estate.

(d) With regard to the paramount interest of the creditors and a proper deference to their reasonable view in the premises, again, for the reasons already articulated, the Trustee reached this settlement at arms' length with Turicum and believes that it is in the best interests of the estate, but will consider the positions of creditors with a proper deference toward their reasonable views.

20. The Trustee has evaluated the settlement while considering all of the factors required by the Eleventh Circuit and supports its approval by the Court as being in compliance with the factors, and being in the best interest of creditors and the estate.

**Request for Approval of Payment to Trustee for Reimbursement of Cure Amounts Paid**

21. After the April 27, 2022 hearing on the *Trustee's Expedited Motion for Order Authorizing Assumption and Assignment of Lease Agreement and Waiving the Fourteen (14) Day*

47323725

*Stay of Effectiveness Pursuant to Bankruptcy Rule 6006(d)* [ECF No. 83], the Trustee paid costs consisting of the Cure Amounts totaling $8,080.34 to Turicum, LLC to cure prior defaults in order to assume the tenant's rights and obligations under the Lease.

22.     The Trustee requests approval to reimburse herself those costs in the amount of $8,080.34 from the $100,000.00 Settlement Amount.

**WHEREFORE**, Deborah C. Menotte, Trustee in Bankruptcy for Clifford Ryan Morris by and through undersigned counsel, respectfully requests that the Court enter an order approving the attached stipulation to compromise controversy, approving of the Trustee's reimbursement to herself of costs paid in the amount of $8,080.34 for the Cure Amounts, plus granting such other and further relief as the Court deems just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated:    May 25, 2022                    Respectfully Submitted,

**GREENSPOON MARDER LLP**

/s/ *Rilyn A. Carnahan*
MICHAEL R. BAKST, ESQ.
Florida Bar No.: 866377
RILYN A. CARNAHAN, ESQ.
Florida Bar Number: 614831
Attorneys for the Trustee
CityPlace Tower
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401
T:    (561) 838-4557
F:    (561) 514-3457
Email: rilyn.carnahan@gmlaw.com

**CERTIFICATE OF SERVICE**

I certify that on May 25, 2022, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF, or by first class U.S. mail on those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing as indicated below.

                                          /s/ *Rilyn A. Carnahan*
                                          RILYN A. CARNAHAN, ESQ.
                                          Florida Bar Number: 614831

## *Mailing Information for Case 18-25900-MAM*

### Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- David W Baddley  baddleyd@sec.gov
- Michael R Bakst  efilemrb@gmlaw.com, ecf.alert+Bakst@titlexi.com;efileu1084@gmlaw.com;efileu1086@gmlaw.com;efileu386@gmlaw.com;efileu1857@gmlaw.com
- Michael R. Bakst  efileu1094@gmlaw.com, ecf.alert+bakst@titlexi.com;efileu1092@gmlaw.com;efileu2170@gmlaw.com;efileu386@gmlaw.com;Melissa.bird@gmlaw.com
- Rilyn A Carnahan  rilyn.carnahan@gmlaw.com, efileu1092@gmlaw.com;efileu1089@gmlaw.com;efileu2170@gmlaw.com;efileu1435@gmlaw.com;efileu1094@gmlaw.com;efileu1093@gmlaw.com;gregory.stolzberg@gmlaw.com;efileu2299@gmlaw.com
- Patrick R Dorsey  pdorsey@slp.law, dlocascio@slp.law;dwoodall@slp.law;pmouton@slp.law;pdorsey@ecf.courtdrive.com
- Heidi A Feinman  Heidi.A.Feinman@usdoj.gov
- Dana L Kaplan  dana@kelleylawoffice.com, tina@kelleylawoffice.com;cassandra@kelleylawoffice.com;kristina@kelleylawoffice.com;debbie@kelleylawoffice.com;craig@kelleylawoffice.com
- Craig I Kelley  craig@kelleylawoffice.com, tina@kelleylawoffice.com;cassandra@kelleylawoffice.com;kristina@kelleylawoffice.com;debbie@kelleylawoffice.com;dana@kelleylawoffice.com
- Office of the US Trustee  USTPRegion21.MM.ECF@usdoj.gov
- Jordan L Rappaport  office@rorlawfirm.com, 1678370420@filings.docketbird.com
- Bradley S Shraiberg  bss@slp.law, dwoodall@slp.law;dwoodall@ecf.courtdrive.com;dlocascio@slp.law;pmouton@slp.law

- William M Uptegrove     uptegrovew@sec.gov, baddleyd@sec.gov;JacobsonN@SEC.GOV
- Aaron A Wernick     awernick@wernicklaw.com, awernick@ecf.courtdrive.com;crubin@wernicklaw.com;dkariotis@wernicklaw.com;mlaverriere@wernicklaw.com

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service).

Kevin Cerulli
2400 South Ocean Drive #5224
Fort Pierce, FL 34949

Ecosphere Technologies, Inc.
c/o Dennis McGuire
2486 SW Creekside Dr.
Palm City, FL 34990

George R Hinnant

Allan Kalish
2240 Palm Beach Lakes Blvd Suite 400A
West Palm Beach, FL 33409

Allan Kalish
7102 Lorraine Court
Port St Lucie, FL 34952

Soneet R Kapila
1000 S. Federal Highway
Suite 200
Fort Lauderdale, FL 33316

Martin County Tax Collector
3485 SE Willoughby Blvd
Stuart, FL 34994

**All interested parties on the Court's mailing matrix attached hereto**

47323725

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-9<br>Case 21-20416-MAM<br>Southern District of Florida<br>West Palm Beach<br>Tue May  3 12:01:33 EDT 2022 | Mirzam Land Investment, LLC<br>Attn: Clifford Morris<br>5558 Force Four Parkway, Ste. 200<br>Orlando, FL 32839-2968 | Mirzam Venture Capital, LLC<br>Attn: Clifford Morris<br>5558 Force Four Parkway, Ste. 200<br>Orlando, FL 32839-2968 |
| (c)TURICUM, LLC<br>C/O MICHAEL W. SIMON<br>3839 NW 2ND AVE STE 100<br>BOCA RATON FL  33431-5862 | Wells Fargo Bank, N.A.<br>eXL Legal, PLLC<br>12425 28th Street North, Suite 200<br>St. Petersburg, FL 33716-1826 | Atlantic Cap<br>POB550889<br>Atlanta, GA 30355 |
| Bank of America<br>POB 982238<br>El Paso, TX 79998-2238 | Bank of America, N.A<br>4909 Savarese Cir<br>Tampa, FL 33634-2413 | Barclays Bank Delaware<br>POB 8803<br>Wilmington, DE 19899-8803 |
| Calvary Portfolio Services<br>500 Summit Lake Dr, Ste 4A<br>Valhalla, NY 10595-2323 | Citibank<br>POB 6500<br>Sioux Falls, SD 57117-6500 | Citicards CBNA<br>5800 S Corporate Place<br>Mail Code 234<br>Sioux Falls, SD 57108-5027 |
| Diamond, Kaplan & Rothstein, PA<br>c/o Scott M. Diamond<br>2665 S Bayshore Dr PH2B<br>Miami, FL 33133-5448 | Drew Linen, Esq<br>1133 S University Dr, 2nd floor<br>Plantation, FL 33324-3303 | Focus FInancial Services<br>3800 S Congress Ave, ste 3<br>Boynton Beach, FL 33426-8424 |
| Hayt, Hayt & Landau, PL<br>7765 SW 87 Ave. #101<br>Miami, FL 33173-2535 | (p)JPMORGAN CHASE BANK  N A<br>BANKRUPTCY MAIL INTAKE TEAM<br>700 KANSAS LANE FLOOR 01<br>MONROE LA 71203-4774 | Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 |
| Phillips, Cohen & Associates, Ltd<br>Mail Stop 661<br>1002 Justison St<br>Wilmington, DE 19801-5148 | Turicum LLC<br>600 NW 7 Terr<br>Boca Raton, FL 33486-3528 | Wells Fargo Bank<br>POB 536210<br>Atlanta, GA 30353-6210 |
| Alan Barbee<br>1400 Centerpark Blvd Suite 860<br>Suite 860<br>West Palm Beach, FL 33401-7421 | Clifford Ryan Morris<br>1228 Merlot Dr<br>Palm Beach Gardens, FL 33410-1528 | Deborah Menotte<br>POB 211087<br>West Palm Beach, FL 33421-1087 |
| Jiapeng Hao<br>c/o Joshua W. Dobin, Esq.<br>Meland Budwick, PA<br>200 S. Biscayne Blvd.,<br>Suite 3200<br>Miami, FL 33131-5323 | Jiqin Liu<br>c/o Joshua W. Dobin, Esq.<br>Meland Budwick, PA<br>200 S. Biscayne Blvd.,<br>Suite 3200<br>Miami, FL 33131-5323 | John Schuttler<br>Turicum, LLC<br>600 NW 7th Terrace<br>Boca Raton, FL 33486-3528 |
| Kang Wu<br>c/o Joshua W. Dobin, Esq.<br>Meland Budwick, PA<br>200 S. Biscayne Blvd.,<br>Suite 3200<br>Miami, FL 33131-5323 | Kenneth R Noble Esq.<br>6199 North Federal Highway<br>Boca Raton, FL 33487-3938 | Laisuo Yin<br>c/o Joshua W. Dobin, Esq.<br>Meland Budwick, PA<br>200 S. Biscayne Blvd.,<br>Suite 3200<br>Miami, FL 33131-5323 |

| | | |
|---|---|---|
| Lin Gu<br>c/o Joshua W. Dobin, Esq.<br>Meland Budwick, PA<br>200 S. Biscayne Blvd.,<br>Suite 3200<br>Miami, FL 33131-5323 | Mingyi Zhao<br>c/o Joshua W. Dobin, Esq.<br>Meland Budwick, PA<br>200 S. Biscayne Blvd.,<br>Suite 3200<br>Miami, FL 33131-5323 | Pingwen Hu<br>c/o Joshua W. Dobin, Esq.<br>Meland Budwick, PA<br>200 S. Biscayne Blvd.,<br>Suite 3200<br>Miami, FL 33131-5323 |
| Qiang Xu<br>c/o Joshua W. Dobin, Esq.<br>Meland Budwick, PA<br>200 S. Biscayne Blvd.<br>Suite 3200<br>Miami, FL 33131-5323 | Shifen Tan<br>c/o Joshua W. Dobin, Esq.<br>Meland Budwick, PA<br>200 S. Biscayne Blvd.<br>Suite 3200<br>Miami, FL 33131-5323 | Siong Wenlin<br>c/o Joshua W. Dobin, Esq.<br>Meland Budwick, PA<br>200 S. Biscayne Blvd.,<br>Suite 3200<br>Miami, FL 33131-5323 |
| Yan Yue<br>c/o Joshua W. Dobin, Esq.<br>Meland Budwick, PA<br>200 S. Biscayne Blvd.,<br>Suite 3200<br>Miami, FL 33131-5323 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

JPMCB Card Services
POB 15369
Wilmington, DE 19850

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

Turicum, LLC
c/o Michael W. Simon
3839 NW Boca Raton Blvd., Suite 100
Boca Raton, FL 33431

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (u)West Palm Beach | End of Label Matrix<br>Mailable recipients    36<br>Bypassed recipients     1<br>Total                   37 |

# EXHIBIT "A"

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

In Re:                                                                   CASE NO.: 21-20416-MAM
                                                                                            Chapter 7

**CLIFFORD RYAN MORRIS,**

      Debtor.

_____/

## STIPULATION TO COMPROMISE CONTROVERSY
## BETWEEN TRUSTEE AND TURICUM, LLC

This stipulation ("Stipulation" or "Agreement") is entered on the date set forth below between the Trustee Deborah C. Menotte (the "Trustee") as Chapter 7 Trustee in Bankruptcy for Clifford Ryan Morris (the "Debtor") and Turicum, LLC ("Turicum", and together with the Trustee, collectively the "Parties"). The Parties hereby stipulate and agree as follows:

## RECITALS

**WHEREAS**, this case was commenced by the filing of a voluntary Chapter 7 bankruptcy petition by the Debtor on October 29, 2021 ("Petition Date");

**WHEREAS**, Deborah C. Menotte has been appointed as the Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate");

**WHEREAS**, the section 341 Meeting of Creditors was conducted and concluded on December 20, 2021;

**WHEREAS**, the Debtor's Schedule A/B no. 19 lists the Debtor's 100% ownership of Mirzam Land Investment, LLC and Mirzam Venture Capital, LLC;

**WHEREAS**, the Trustee has discovered that Mirzam Land Investment, LLC conveyed the premises located at 97th Street, Fellsmere, Florida 32948 and 99th Street, Fellsmere, Florida 32948 (collectively the "Premises") to Turicum on or about May 6, 2020;

**WHEREAS,** Mirzam Land Investment, LLC as the tenant (the "Tenant"), entered into a lease of the Premises (the "Lease") with Turicum, as the landlord, pursuant to which the tenant has an option to purchase the Premises (the "Purchase Option");

**WHEREAS,** on February 17, 2022, the Trustee filed her *Trustee's Motion to Substantively Consolidated Mirzam Venture Capital, LLC and Mirzam Land Investment, LLC into this Estate* (the "Sub Con Motion") [ECF No. 51];

**WHEREAS**, on March 15, 2022, the Court entered its Order Granting *Trustee's Motion to Substantively Consolidate Mirzam Venture Capital, LLC and Mirzam Land Investment, LLC into this Estate [ECF No. 51]* (the "Sub Con Order") [ECF No. 64];

**WHEREAS,** as a result, the Tenant is now a debtor in this Estate, and its property, including the interest in the Lease and all rights and benefits under the Lease, including, without limitation, the Purchase Option, are property of this Estate;

**WHEREAS,** on or about April 28, 2022, the Trustee provided written notice to Turicum that she is exercising the Purchase Option and wished to extend the Lease in order to effectuate a closing on the purchase of the Premises;

**WHEREAS,** on or about April 29, 2022, the Trustee delivered payments to Turicum in the amounts of $8,000.00 and $80.34, respectively, comprised of April rent plus interest and a late fee, May rent, 2021 property taxes plus a 3% late penalty, estimated 2022 property taxes for January 2022 through May 2022;

**WHEREAS**, on or about May 6, 2022, the Trustee delivered a payment to Turicum in the amount of approximately $60.00 comprised of the estimated insurance owed for May 2022;

**WHEREAS**, Turicum has asserted that it has grounds to prevent the Trustee from exercising the Purchase Option and that it will appeal certain rulings made by the Bankruptcy

2

Court at a hearing on April 27, 2022 and in the Court's *Order Granting In Part and Denying In Part Trustee's Expedited Motion for Order Authorizing Assumption and Assignment of Lease Agreement and Waiving the Fourteen (14) Day Stay of Effectiveness Pursuant to Bankruptcy Rule 6006(d)* [ECF No. 87] memorializing that ruling;

**WHEREAS**, the Trustee believes that grounds exist to compel Turicum to sell the Premises to the Trustee under the Purchase Option, and in addition, that grounds exist for her to bring an action against Turicum to avoid and recover the transfer of the Premises to it pursuant to 11 U.S.C. §§ 544, 548 and 550, and Florida Statute Section 726.101, *et seq.*, among other relief (the "Claims");

**NOW THEREFORE**, to avoid litigating the Claims and to avoid incurring further expenses to litigate an adversary proceeding, the Trustee and Turicum agree as follows:

## SETTLEMENT TERMS AND PROVISIONS

1.  <u>Recitals Incorporated.</u>  The above recitals and prefatory phrases and paragraphs set forth above are true and correct and are hereby incorporated in full and made a part of this Agreement.

2.  <u>Settlement Payment.</u>  Within three (3) days of the entry of a final non-appealable order by the Bankruptcy Court approving this Agreement, Turicum shall pay to the Trustee one hundred thousand dollars ($100,000.00) (the "Settlement Payment") in settlement of the Claims and any and all other claims that the Trustee may have against it and/or the Premises, including, without limitation, any rights that the Trustee may have under the Lease and the Purchase Option. In exchange for the Settlement Payment, the Trustee shall waive and release any and all claims, rights, title, or interest in or to the Premises, and Turicum may retain the Premises free and clear of any right, title, lien, or interest of the Trustee and the Estate.

3. <u>Tax Obligations</u>. Each Party will be responsible for any tax obligation it incurs as a result of this Agreement.

4. <u>Releases.</u> Upon the order approving this Stipulation becoming final and non-appealable, Turicum fully, finally, and forever, releases, discharges, and waives, and shall be deemed to have released, discharged, and waived, any and all claims, proofs of claim, liabilities, costs (including attorneys' fees and costs), charges, causes of action, actions, causes, rights, debts, charges, demands, contracts, covenants, representations, warranties, accounts, setoffs, obligations, Lease obligations and rights, damages, including, without limitation those relating in any manner, whatsoever, directly or indirectly to the Lease, Purchase Option, the Premises, the Debtor, and this bankruptcy case, and including, without limitation, all arrearages due and owing under the Lease, including, without limitation, any prior taxes or insurance owed as well as the 2022 taxes and insurance, and any other costs, fees, or damages, all rents and other past due damages, costs, and charges, and all amounts, charges, or costs which will be due under the Lease, including, without limitation, rent, insurance, taxes, damages, fees, and other costs or charges; and any other liability whatsoever, whether at law or equity, known or unknown, liquidated or unliquidated, contingent or fixed, direct or indirect, that it may have against the Trustee, the Debtor, their professionals, and against or within the bankruptcy Estate, and Turicum agrees that it shall have no claim within or against the Estate.

Upon the order approving this Stipulation becoming final and non-appealable, and the Trustee's receipt of the Settlement Payment in cleared funds, the Trustee fully, finally, and forever, releases, discharges, and waives, and shall be deemed to have released, discharged, and waived the Claims, and any other claims, causes of action, actions, causes, rights, debts, costs, charges, demands, contracts, covenants, representations, warranties, accounts, setoffs, obligations, Lease

obligations and rights, damages, including, without limitation those relating in any manner, whatsoever, directly or indirectly to the Lease, Purchase Option, the Premises, the Debtor, and this bankruptcy case, and any other liability whatsoever, whether at law or equity, known or unknown, liquidated or unliquidated, contingent or fixed, direct or indirect, that the Trustee may have against Turicum.

5. <u>Bankruptcy Court Approval and Retention of Jurisdiction.</u> The Parties are aware that this Stipulation must be noticed to all creditors and must be approved by the Bankruptcy Court. In the event that it is not approved, this Stipulation shall be deemed null and void and of no legal effect, including the validity of any and all instruments executed by the Trustee for its performance and implementation prior to its approval, the Settlement Payment, if already paid, shall be returned to Turicum, and the Parties shall be restored to their respective positions as they existed prior to the execution of the Stipulation. The Parties shall request that the Court enter an Order approving this Stipulation, and reserving jurisdiction to enforce the terms and covenants contained herein.

The Parties agree that all amounts due under the Lease as of the execution of this Stipulation or at any thereafter shall be suspended while the Parties seek Bankruptcy Court approval of this Stipulation (the "Suspension"). Accordingly, the Trustee shall not be required to make any payments pursuant to the Lease, and shall not be in violation or default of the Lease, nor otherwise penalized, for failure to make any payment owed under the Lease, unless and until the Bankruptcy Court denies approval of this Stipulation, at which time, the Trustee shall have until the tenth day after the entry of a final non-appealable order by the Bankruptcy Court denying approval of this Stipulation by which to pay any amounts owed under the Lease which have accrued during the Suspension period.

6. <u>No Other Agreements; Modification.</u>  This Stipulation contains the entire understanding and agreement of the Parties, and there are no prior or contemporaneous promises, representations, agreements, warranties, or undertakings by either party to the other, either oral or written of any character or nature, except as set forth in this Agreement.  This Stipulation may be altered, amended, or modified only by an instrument in writing, executed and acknowledged by the Parties to this Agreement, with the same formality as this Agreement, and by no other means.  Each Party waives any right to claim that this Stipulation was modified, canceled, superseded, or changed by an oral agreement, course of conduct, or estoppel.

7. <u>Applicable Law.</u>  All matters affecting the execution, interpretation, validity, and enforceability of this Stipulation shall be subject to, and interpreted under, federal bankruptcy law, as well as the laws of the State of Florida to whatever extent bankruptcy law relies upon state law.

8. <u>No Presumptions Against Drafter.</u>  The fact that any draft of this Stipulation was prepared by counsel for one of the Parties shall create no presumptions, and, specifically, shall not cause any ambiguities to be construed against that Party.  The Parties acknowledge that each has contributed toward the drafting of this Stipulation, and that this Stipulation is the result of negotiations between the parties.

9. <u>Failure to Require Performance.</u>  The failure of either Party at any time to require the performance of the other of any of the terms, provisions, or conditions hereof shall in no way affect the right thereafter to enforce the same, nor shall the waiver by either party of the breach of any of the terms, provisions, and conditions hereof, be construed or be deemed a waiver of any succeeding breach of any term, provision, or condition hereof.

10. <u>Understanding of terms.</u>  The Parties acknowledge that each fully understands all of the terms and obligations of this Stipulation, and each believes the same to be fair, just,

equitable, reasonable, fully acceptable, and not unconscionable.

11. <u>No duress.</u> The Parties enter into this Stipulation freely and voluntarily. Neither Party has been the subject of any duress, undue influence, fraud, or coercion in entering into this Stipulation.

12. <u>Advice of Counsel.</u> All Parties to this Stipulation acknowledge that they have had the benefit and assistance of the representation of their own separate and independent attorneys to advise them of their rights and obligations under this Stipulation, and they are also aware of what their rights would be in the absence of this Stipulation.

13. <u>Binding Effect.</u> This Stipulation shall be binding upon the Parties hereto and shall also be binding upon and inure to the benefit of the heirs, assigns, personal representatives, and successors of the respective Parties.

14. <u>Counterparts.</u> This Stipulation may be executed in two or more counterparts, including facsimile and e-mail counterparts, none of which need contain signatures of all of the Parties hereto, each of which will constitute an original, and all of which, taken together, shall constitute one and the same agreement.

15. <u>Authority.</u> Each Party to this Stipulation represents that it is duly authorized to execute this Stipulation and that the Parties through whom each Party executes this Stipulation are fully and duly empowered and authorized to execute same on the respective Party's behalf.

16. <u>Date of Stipulation.</u> The date of this Stipulation is the date on which the last of the Parties executes a copy of it.

17. <u>Fees and Costs.</u> Each Party shall bear its own costs and attorney's fees in connection with this Agreement and all matters related to the Claims, the Lease, and the Bankruptcy Case.

18. <u>Captions.</u> The captions of the various paragraphs in this Stipulation are for convenience only, and none of them is intended to be any part of the text of this agreement, or intended to be referred to in construing any provision of it.

19. <u>Notices.</u> Any notices required by this Stipulation must be given either in writing by U.S. Mail, certified/return receipt requested, express mail service, or facsimile to the parties as follows:

To the Trustee:

Michael R. Bakst, Esq. and
Rilyn A. Carnahan, Esq.
Greenspoon Marder LLP
CityPlace Tower
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401
Telephone: (561) 838-4523
Facsimile: (561) 514-3423
Michael.bakst@gmlaw.com
Rilyn.carnahan@gmlaw.com

To Turicum:

Michael Simon, Esq.
Simon & Sigalos, LLP
3839 NW Boca Raton Blvd., Suite 100
Boca Raton, FL 33431
Telephone: (561) 447-0017
Facsimile: (561) 447-0018
msimon@simonsigalos.com

IN WITNESS WHEREOF, the parties hereto have set their hands and seals to this to this settlement agreement on the date specified below.

TURICUM, LLC

By: _____
Printed: John Schuttler
Title: Authorized Member
Dated: 5/20/2022

DEBORAH MENOTTE, TRUSTEE

_____
Deborah Menotte, as Trustee in
Bankruptcy for Clifford Ryan Morris,
and not individually
Dated: 5/21/22

8