**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

**In re:**                                                      **Case No.: 21-20416-MAM**
                                                                        **Chapter 7**

**CLIFFORD RYAN MORRIS,**

    Debtor.
_____

**DEBORAH C. MENOTTE, Trustee in**
**Bankruptcy for Clifford Ryan Morris,**

    Plaintiff.

vs.                                                          **Adv.Proc.No.:**

**CLIFFORD RYAN MORRIS AND**
**JUTTA K. MORRIS,**

    Defendants.
_____/

**TRUSTEE'S COMPLAINT TO AVOID AND RECOVER**
**FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§548 AND 550**
**AND FLORIDA STATUTES §726, TO AVOID UNAUTHORIZED**
**POST PETITION TRANSFERS AND FOR TURNOVER OF PROPERTY**
**PURSUANT TO 11 U.S.C. §542(A)**

The Plaintiff, Deborah C. Menotte, Trustee in Bankruptcy for Clifford Ryan Morris, (hereinafter referenced as "Trustee" or the "Plaintiff") by and through undersigned counsel, hereby sues the Defendants, Clifford Ryan Morris and Jutta K. Morris ("Defendants" or "Mr. Morris" or "Ms. Morris"), and alleges:

    1.     This is an adversary proceeding brought by the Plaintiff seeking to avoid and recover fraudulent and/or preferential transfers pursuant to 11 U.S.C. §§548 and 550, and §726, Florida

Statutes, to avoid unauthorized post petition transfers pursuant to 11 U.S.C. §549 and for Turnover Pursuant to 11 U.S.C. §542(a).

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b).

3. This is a core proceeding for which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. §§ 157(b)(2)(A),(E) and (H).

4. The venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §1409.

5. This action was commenced by the filing of a voluntary Chapter 7 bankruptcy petition for Clifford Ryan Morris ("Debtor") on October 29, 2021.

6. Deborah C. Menotte was appointed as the chapter 7 trustee for the estate of Clifford Ryan Morris.

7. Defendant, Jutta Morris, has been the wife of the Debtor for all times relevant to this action, would qualify as an insider pursuant to 11 U.S.C. §101(31) and is otherwise subject to the jurisdiction of this Court.

8. On or around March 25, 2021, the Debtor transferred funds from a Franchise Solutions bank account #4943 which was paid to him as a management fee in the amount of $45,000.00 into a joint Bank of America bank account under the name of both of the Defendants, being account #6455 ("Pre Petition Transfer"). From these funds, at least $8,500.00 was directly transferred to Ms. Morris on March 26, 2021 from the joint account #6455 pursuant to an online banking transfer.

9. After the bankruptcy filing, on November 5, 2021, the Debtor transferred funds that were property of the estate in the amount of $15,000.00 into the same aforementioned Bank of America joint bank account in the name of both Defendants, being account #6455 ("Post Petition Transfer") (both the Pre Petition Transfer and the Post Petition Transfer shall collectively be defined

54314995

as the "Transfers").

10. Such Transfers to the Defendants were for insufficient consideration as it relates to Ms. Morris and/or was a post petition transfer to both Defendants that was unauthorized by the Court or the Bankruptcy Code..

11. At the time of the Pre Petition Transfer, the Debtor was generally not paying his debts as they became due.

12. At the time of the Pre Petition Transfer, pursuant to 11 U.S.C. §101(32) of the Bankruptcy Code, and as specifically defined therein, the Debtor was insolvent in that the sum of his debts was greater than the sum of his assets, or the Debtor was otherwise insolvent.

13. All conditions precedent to the bringing of this adversary proceeding have been performed, waived, or excused.

### COUNT I – AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 548

14. The Trustee re-alleges paragraphs 1 through 13 as if fully set forth herein.

15. On or around March 25, 2022, Mr. Morris transferred $45,000.00 to Ms. Morris, which has been defined as the Pre Petition Transfer.

16. The Pre Petition Transfer to Ms. Morris was a transfer made with the actual intent to hinder, delay, and/or defraud creditors pursuant to 11 U.S.C. § 548(a)(1).

17. Further, pursuant to 11 U.S.C. §548(a)(2), the Debtor received less than a reasonably equivalent value in exchange for the Pre Petition Transfer and:

    (a) Was insolvent on the date that the transfer was made or became insolvent as a result of the transfer.

    (b) Was engaged in business or a transaction or was about to engage in business or a transaction for which any property remaining with the Debtor was an unreasonably small capital; or

(c)     The Debtor intended to incur or believed that he would incur debts beyond his ability to pay as such debts matured.

18.     Ms. Morris was the initial transferee or the entity for whose benefit the Pre Petition Transfer was made whereby the Plaintiff is entitled to recover the Pre Petition Transfer pursuant to 11 U.S.C. § 550(a)(1).  Alternatively, Ms. Morris was the immediate or mediate transferee of the initial transferee for whose benefit the Pre Petition Transfer was made as a result, the Plaintiff is entitled to recover the Pre Petition Transfer pursuant to 11 U.S.C. §550(a)(2).

**WHEREFORE**, the Plaintiff, Deborah C. Menotte, Trustee in Bankruptcy for Clifford Ryan Morris, by and through undersigned counsel, respectfully requests that the Court enter a judgment setting aside, avoiding and recovering the Pre Petition Transfer thus entering judgment against Ms. Morris in the amount of at least $8,500.00 up to $45,000.00, or such amount as the Court determines was transferred to her, plus that the Court award court costs and interest, plus such other and further relief as the Court deems just and proper.

### COUNT II – AVOIDANCE OF POST PETITION TRANSFER PURSUANT TO 11 U.S.C. §549

19.     The Trustee re-alleges paragraphs 1 through 13 as if fully set forth herein.

20.     This count is being pled as it relates to all transfers of funds orchestrated by the Defendants, either individually or jointly, which occurred post petition,. All such transfers were without the authority of the Bankruptcy Court and were not authorized by any provisions of the Bankruptcy Code. The Post Petition Transfer would constitute an unauthorized post-petition transfer pursuant to 11 U.S.C. §549, for which the Trustee reserves jurisdiction to seek any other post petition transfers of property of the estate that may have been received by the Defendants.

21.     After the bankruptcy filing, on November 5, 2021, the Debtor transferred funds that

54314995

were property of the estate in the amount of $15,000.00 into the Bank of America joint bank account under both of the Defendants' names, being account #6455.

22. The Post Petition Transfer was not authorized by the Bankruptcy Court. Such transfer is in violation of 11 U.S.C. §549 and should be avoided pursuant to such statute and pursuant to 11 U.S.C. §550.

23. The Defendants were the initial transferees or the entities for whose benefit the Post Petition Transfer was made whereby the Plaintiff is entitled to recover the Post Petition Transfer pursuant to 11 U.S.C. § 550(a)(1). Alternatively, the Defendants were the immediate or mediate transferees of the initial transferees for whose benefit the Post Petition Transfer was made, and, as a result, the Plaintiff is entitled to recover the Post Petition Transfer pursuant to 11 U.S.C. §550(a)(2).

**WHEREFORE**, the Plaintiff, Deborah C. Menotte, Trustee in Bankruptcy for Clifford Ryan Morris, by and through undersigned counsel, respectfully requests that the Court enter judgment setting aside, avoiding and recovering the unauthorized .post-petition transfer of funds to the Defendants, thus entering judgment against both of the Defendants in the total amount of $15,000.00, plus that the Court award court costs, plus grant such other and further relief as the Court deems just and proper.

### COUNT III– AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER PURSUANT TO § 726.105(1)(b), FLORIDA STATUTES

24. The Trustee re-alleges paragraphs 1 through 13 as if fully set forth herein.

25. Pursuant to 11 U.S.C. § 544(b), the Trustee may avoid any transfer of an interest of the Debtor in property that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under §502 of this title or that is not allowable only under §502(e) of this title.

26. Section 726.105(1)(b), *Florida Statutes*, provides:

54314995

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: without receiving reasonably equivalent in value in exchange for the transfer or obligation, and the debtor:
>
> (a) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>
> (b) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

27. More specifically, within two (2) years of the Debtor's bankruptcy filing the Debtor transferred funds to the Defendant, Ms. Morris, totaling at least $8,500.00 up to $45,000.00 without the Debtor receiving reasonably equivalent value in exchange for the transfers pursuant to §726.105(1)(b), Florida Statutes.

28. At the time of the Pre Petition Transfer, the Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transactions in which the Debtor was engaged.

29. At the time of the Pre Petition Transfer, the Debtor had incurred debts beyond his ability to pay as they became due.

30. As set forth above, the Debtor was otherwise insolvent at the time of the Pre Petition Transfer.

31. As a result of the Pre Petition Transfer, the Trustee has been damaged pursuant to 11 U.S.C. §544(b) for the total value of the Pre Petition Transfer.

32. Ms. Morris was the initial transferee or the entity for whose benefit the Pre Petition Transfer in the amount of at least $8,500.00 up to $45,000.00 was made, and as a result, the Trustee, Deborah C. Menotte, is entitled to recover the Pre Petition Transfer totaling at least $8,500.00 up to

54314995

$45,000.00, pursuant to 11 U.S.C. §550(a)(1). Alternatively, Ms. Morris is the immediate or mediate transferee of the initial transferee for whose benefit the Pre Petition Transfer was made, and as a result, the Trustee is entitled to recover the Pre Petition Transfer as referenced above from Ms. Morris pursuant to 11 U.S.C. §550(a)(2).

WHEREFORE, the Trustee, Deborah C. Menotte, Trustee in Bankruptcy for Clifford Ryan Morris, by and through undersigned counsel, respectfully requests that the Court enter a judgment setting aside and avoiding the transfer, thus entering judgment against Ms. Morris in the amount of at least $8,500.00 up to $45,000.00, or in such amounts determined at trial, and awarding court costs and interest, and such other and further relief as the Court deems just and proper.

### COUNT IV – AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER PURSUANT TO SECTION 726.106(1), FLORIDA STATUTES

33.   The Trustee re-alleges paragraphs 1 through 13 as if fully set forth herein.

34.   Pursuant to 11 U.S.C. § 544(b), the Trustee may avoid any transfer of an interest of the Debtor in property or any obligation incurred by the Debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under §502 of Title 11 or that is not allowable only under §502(e) of this title.

35.   Section 726.106(1), Florida Statutes, provides:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

54314995

36. The transfer to the Defendant Ms. Morris of funds totaling at least $8,500.00 up to $45,000.00 was made or incurred without the Debtor receiving reasonably equivalent value pursuant to §726.106(1), Florida Statutes.

37. As set forth above, at the time of the Pre Petition Transfer to the Defendant Ms. Morris, the Debtor was insolvent or became insolvent as a result of the transfer.

38. At the time of the Pre Petition Transfer, the Debtor was indebted to creditors in an amount in excess of the transfer.

39. As a result of the Pre Petition Transfer, the Trustee has been damaged pursuant to 11 U.S.C. § 544(b) for the total value of the transfer.

40. The Defendant Ms. Morris was the initial transferee or the entity for whose benefit the Pre Petition Transfer in the amount of at least $8,500.00 up to $45,000.00 was made, and as a result, the Trustee, Deborah C. Menotte, is entitled to recover the Pre Petition Transfer totaling at least $8,500.00 up to $45,000.00, pursuant to 11 U.S.C. §550(a)(1). Alternatively, the Defendant is the immediate or mediate transferee of the initial transferee for whose benefit the Pre Petition Transfer was made, and as a result, the Trustee is entitled to recover the Pre Petition Transfer as referenced above from the Defendant pursuant to 11 U.S.C. §550(a)(2).

WHEREFORE, the Trustee, Deborah C. Menotte, Trustee in Bankruptcy for Clifford Ryan Morris, by and through undersigned counsel, respectfully requests that the Court enter a judgment setting aside and avoiding the fraudulent transfer, thus entering judgment against the Defendant in the amount of at least $8,500.00 up to $45,000.00, or in such amounts determined at trial, and awarding court costs and interest, and such other and further relief as the Court deems just and proper.

**COUNT V - RECOVERY OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. §550**

54314995

41. The Plaintiff realleges paragraphs 1 through 13 as if fully set forth herein.

42. This count is pled as an effectuating count whereby to whatever extent the Court deems it necessary for the Plaintiff to specifically seek to recover any avoided transfer pursuant to a separately pled count, this count is being separately pled.

43. Upon the Court setting aside and avoiding the transfers referenced in the preceding counts, for any amount either more or less than $60,000.00, the Plaintiff seeks to recover such transfers pursuant to 11 U.S.C. §550.

WHEREFORE, the Plaintiff, Deborah C. Menotte, as Trustee in Bankruptcy for Clifford Ryan Morris, by and through undersigned counsel, respectfully requests that the Court enter judgment that the Defendants, jointly and severally, were the initial transferees for whose benefit the transfers referenced above in the amount of $60,000.00, were made, and as a result, the Plaintiff is entitled to recover the transfers from the Defendants pursuant to 11 U.S.C. §550(a)(1) or alternatively, that the Court enter judgment finding that the Defendants are the immediate or mediate transferees of the initial transferee for whose benefit the transfers were made, and as a result, the Plaintiff is entitled to recover the transfers as referenced above from the Defendants pursuant to 11 U.S.C. §550(a)(2).

## **COUNT V TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. §§ 542(a)**

44. The Trustee realleges paragraphs 1 through 13 as if fully set forth herein.

45. After the bankruptcy filing, on November 5, 2021, the Debtor transferred funds that were property of the estate in the amount of $15,000.00 into a Bank of America joint bank account in the name of both Defendants, being account #6455.

47. Such funds in the amount of $15,000.00 are property of the estate pursuant to 11

54314995

U.S.C.§541 that should be turned over pursuant to 11 U.S.C. §542(a).

48.     Pursuant to 11 U.S.C. §542(a), an entity in possession, custody or control during the case of property that the Trustee may use, sell or lease under §363 of this title, shall deliver to the Trustee, and account for, such property or the value of such property.

**WHEREFORE**, the Plaintiff, Deborah C. Menotte, Trustee in Bankruptcy for Clifford Ryan Morris, by and through undersigned counsel, respectfully requests that the Court enter judgment against both Defendants, jointly and severally, requiring turnover in the total amount of $15,000.00, plus that the Court award court costs, plus grant such other and further relief as the Court deems just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated:  June 23, 2023                                    Respectfully Submitted,

**GREENSPOON MARDER, LLP**

/s/ *Michael R. Bakst*
MICHAEL R. BAKST, ESQ.
Florida Bar No.: 866377
Attorneys for Trustee
CityPlace Tower
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401
T:  (561) 838-4523
Email: michael.bakst@gmlaw.com

54314995